IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN EDWARDS | ) |
| | ) |
|          Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-663-GPM |
| | ) |
| JOHN EVANS, Warden, | ) |
| | ) |
|          Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On December 17, 2009, this Court denied Petitioner Edwards's (Edwards) petition for writ of habeas corpus and entered judgment dismissing this action (*see* Docs. 24, 25). Edwards now seeks a certificate of appealability (COA), leave to proceed in forma pauperis on appeal, and appointment of counsel on appeal (*see* Docs. 27-29).

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> [I]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court … the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).… If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.

Fed. R. App. P. 22(b)(1).

"A COA may issue only for a claim for which the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005). *See also Young v. United States*, 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996). For purposes of the statute, a substantial showing of the denial of a constitutional right means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton*, 402 F.3d at 738 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

For the reasons set forth in the Court's December 17, 2009, Memorandum and Order (*see* Doc. 24), Edwards has not made a substantial showing of the denial of a constitutional right. Accordingly, the motion for a certificate of appealability (Doc. 27) is **DENIED**.

Although the Court has denied Edwards's request for issuance of a certificate of appealability, the Court cannot find that the instant appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Edwards is indigent, and, because this is a habeas corpus action under 28 U.S.C. § 2254, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See Walker v. O'Brien,* 216 F.3d 626, 628-29 (7th Cir. 2000). The motion to proceed on appeal in forma pauperis (Doc. 28) is **GRANTED**. Edwards may proceed on appeal without prepayment of fees and costs.

Finally, Edwards ably represented himself in the district court proceedings without counsel. Further, Edwards makes no allegations whatsoever demonstrating any attempts he made to retain

counsel (*see* Doc. 29). Because Edwards has not made reasonable efforts to retain counsel his request is **DENIED** without prejudice to refiling it in the Court of Appeals. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992)).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Appeals for the Seventh Circuit; Edwards may renew his request for a certificate of appealability and appointed counsel in the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 02/03/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge